# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VINCENT TRIBO, ) | |
|       Plaintiff, ) | |
| ) | No. 07 CV 2670 |
| v. ) | Judge Blanche M. Manning |
| ) | |
| ATA AIRLINES, INC. and UNKNOWN ) | |
| FLIGHT ATTENDANT, ) | |
|       Defendants. ) | |

**MEMORANDUM AND ORDER**

Modern air travel provides little leg room. Plaintiff Vincent Tribo could have used a little more. As Tribo slept during an August 2004 flight aboard defendant ATA Airlines, a flight attendant struck his left knee with a beverage cart (presumably his knee had crept into the center aisle). Tribo alleges that the cart caused him injuries and necessitated expensive surgery. He has sued ATA and the unidentified flight attendant to recover his damages. The defendants have moved for summary judgment, contending that Tribo's original complaint was void when filed and that the statute of limitations bars him from filing a new complaint. For the reasons that follow, the defendants' motion is denied.

**BACKGROUND**

Tribo filed his complaint alleging a claim of personal injury against ATA in state court on August 22, 2006. Apparently unbeknownst to Tribo, nearly two years earlier ATA had filed for bankruptcy. The bankruptcy proceedings culminated with the January 31, 2006, entry of a confirmation order that approved ATA's Chapter 11 reorganization plan and a discharge injunction that barred all persons from "commencing or continuing in any manner any Claims, action or proceeding of any kind with respect to any Claim, Interest or any other right to Claim

against the Reorganized Companies, which they possessed or may possess prior to the Effective Date" of February 28, 2006.

In lieu of a pleading responsive to Tribo's state court complaint, ATA instead filed a Suggestion of Bankruptcy. ATA did not, however, seek or obtain a dismissal of the state court proceeding. In response to the Suggestion of Bankruptcy that ATA filed in state court, Tribo sought from the bankruptcy court relief from the discharge injunction. On May 7, 2007, the bankruptcy court granted Tribo's request for relief by lifting the discharge injunction as it applied to Tribo's state court personal injury claim. However, under the bankruptcy court's order, Tribo could collect damages only from ATA's insurer, not ATA itself:

> The injunction granted pursuant to the confirmation order . . . is modified to allow Mr. Tribo to proceed to prosecute his cause of action in the Circuit Court of Cook County . . . against ATA Airlines, Inc. . . . To the extent Mr. Tribo is found to be entitled to any relief in the Illinois State Court Action, such relief shall be limited to compensatory damages payable from insurance and Mr. Tribo shall not seek any punitive damages in the Illinois State Court Action. Mr. Tribo shall collect all such compensatory sums that may become due to him as a result of the Illinois State Court Action only from the available insurance proceeds.

(R.33, Ex. 8 at 2.)

ATA then removed the state court personal injury proceeding to federal court, and filed the instant motion for summary judgment. In the motion, ATA contends that it is entitled to judgment in its favor, arguing that Tribo's state court complaint filed on August 22, 2006, was void *ab initio* because Tribo filed it before the bankruptcy court lifted the discharge injunction. Because the complaint was void, ATA argues, Tribo needed to file an amended complaint but failed to do so, and the statute of limitations now bars Tribo from amending or filing a new suit based upon his 2004 flight aboard ATA.

ANALYSIS

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact." Fed. R. Civ. P. 56(c). The court construes all the facts and the reasonable inferences drawn from those facts in favor of the non-movant. *See Warren v. Solo Cup Co.*, 516 F.3d 627, 629 (7th Cir. 2008). The nonmoving party, however, may not merely rest upon the allegations or details in his pleadings, but instead, must set forth specific facts showing that there is a genuine issue for trial. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

ATA seeks summary judgment because, in its view, the undisputed facts establish that Tribo's state court complaint was a nullity when filed because Tribo filed it in violation of the discharge injunction entered by the bankruptcy court. Under the discharge injunction entered January 31, 2006, persons with claims against ATA were barred from filing lawsuits against it:

> all Persons who have held, hold or may hold Claims or Interests and any successors, assigns or representatives of the foregoing shall be precluded and permanently enjoined on and after the Effective Date from: (a) commencing or continuing in any manner any Claim, action or other proceeding of any kind with respect to any Claim, Interest or any other right or Claim against the Reorganized Companies, which they possessed or may possess prior to the Effective Date . . .

(R.33, Ex. 2 at 22.)

However, the bankruptcy code creates an exception that allows certain claims to be filed and proceed against a debtor despite the existence of a discharge injunction. Specifically, under 11 U.S.C. § 524(e), claims that "affect the liability of any other entity on, or the property of any other entity for, such debt" are not subject to the terms of the discharge injunction, and therefore

may be commenced or continued. Thus, in *In re Jet Florida Sys., Inc.*, 883 F.2d 970, 976 (11th Cir. 1989), a former employee's libel claim could proceed against the debtor despite the existence of a discharge injunction that otherwise barred claims against the debtor. The court in *Jet Florida* reasoned that, because any judgment would be paid not by the debtor but rather the debtor's insurance company, the claim could proceed against the debtor as it merely established the insurer's liability. *Id.* at 976 ("a plaintiff may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable."). *See also In the Matter of Gladys E. Shondel*, 950 F.2d 1301, 1308 (7th Cir. 1991) (discharge injunction did not bar wrongful death proceeding against debtor because debtor's insurer would pay any damage award).

Likewise, it is undisputed that any damages awarded Tribo against ATA would be paid not by ATA, but by its insurer. Accordingly, the claim is not one against the debtor that is barred by the discharge injunction, but rather is a claim for insurance proceeds that is not barred.

Nevertheless, ATA argues that Tribo's state court complaint was a nullity because the bankruptcy court had not yet amended the discharge injunction in order to allow him to file the complaint. In support, ATA cites *In re Halas*, 249 B.R. 182, 191 (Bankr. N.D. Ill. 2000), where the bankruptcy court held that a state court judgment obtained in violation of the automatic stay that arose in a bankruptcy proceeding was void and "lack[ed] any legal effect against the debtor." However, as discussed above, Tribo's suit against ATA did not violate the discharge injunction because it was a suit for insurance proceeds permitted under § 524(e). The bankruptcy court's May 7, 2007, order lifting of the discharge injunction merely memorialized what § 524(e) already provided.

Accordingly, Tribo's state court lawsuit was not filed in violation of the discharge injunction and is therefore not void.  Because the state court complaint was not void and was timely filed, ATA's motion for summary judgment based upon the timeliness of Tribo's claim is denied.  The parties shall report for status on April 22, 2008, at 11:00 a.m. to discuss, among other things, scheduling a date for trial.

ENTER:

DATE:  April 8, 2008    _____
Blanche M. Manning
United States District Judge